**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BLANCA ELIZABETH VASQUEZ-MAZARIEGOS, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-72343 <br><br> Agency No. A073-225-132 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 2, 2013
Pasadena, California

Before: PREGERSON, BERZON, and CHRISTEN, Circuit Judges.

The Board of Immigration Appeals (BIA) refused to toll the deadline for

petitioner Blanca Vasquez-Mazeriegos to file her motion to reopen pursuant to

section 203 of the Nicaraguan Adjustment and Central American Relief Act of

1997 (NACARA), Pub. L. No. 105-100, 111 Stat. 2160 (1997), amended by Pub.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

L. No. 105-139, 111 Stat. 2644 (1997). *See Albillo-De Leon v. Gonzales*, 410 F.3d 1090 (9th Cir. 2005). We grant the petition insofar as it challenges this decision.

When she applied for employment authorization, Vasquez-Mazariegos provided the INS with her name, address, and the same Alien-Identification Number the agency had used to identify her in previous deportation proceedings. The then-Immigration and Naturalization Service (INS) approved her for employment even though, as the government recognizes, Vasquez-Mazariegos's outstanding deportation order rendered her ineligible for employment authorization. So the INS's repeated approvals of Vasquez-Mazariegos's applications for employment authorization were in error. Those approvals necessarily conveyed the message that there was no need for her to file a NACARA motion to reopen a previous deportation order.

Vasquez-Mazariegos joined her husband's pending asylum application well in advance of both the NACARA September 11, 1998, deadline for filing a motion to reopen prior deportation orders, 8 C.F.R. § 1003.43(e)(1), and the November 18, 1999, deadline for filing a NACARA application for suspension of deportation or special rule cancellation. *See* 8 C.F.R. § 1003.43(e)(2). Had the government denied her employment authorization the first time she requested it, as it should have, Vasquez-Mazariegos could have filed a timely motion to reopen her

2

deportation proceedings under NACARA and a timely application for NACARA relief. *See* 8 C.F.R. § 1003.43(e)(1). And NACARA required reopening of deportation orders for applicants prima facie eligible for NACARA relief. *See* NACARA § 203(c) ("Notwithstanding any limitation imposed by law on motions to reopen removal or deportation proceedings (except limitations premised on an alien's conviction of an aggravated felony . . .), any alien who has become eligible for cancellation of removal or suspension of deportation as a result of [NACARA] may file one motion to reopen removal or deportation proceedings to apply for cancellation of removal or suspension of deportation."); *Albillo-De Leon*, 410 F.3d at 1093 ("A motion to reopen will not be granted unless an alien can demonstrate prima facie eligibility for relief under NACARA.").

Vasquez-Mazariegos's failure to take the necessary step of moving to reopen proceedings for NACARA relief until many years after these deadlines had passed is thus directly traceable to her reliance on the government's mistaken affirmative approvals of her application for employment authorization, and the message conveyed by those approvals—that she did not need to file a motion to reopen deportation proceedings. Because Vasquez-Mazariegos provided the government with the information it needed to find her prior deportation order, it was reasonable for her to rely on that message. Her failure to recognize the need to file a motion

3

to reopen in time to meet the September 11, 1998, filing deadline is therefore "excusable." *See Socop v. Gonzalez v. INS*, 272 F.3d 1176, 1184 (9th Cir. 2001) (en banc). Accordingly, she is entitled to equitable tolling.

The government suggests that equitable tolling does not apply because Vasquez-Mazariegos would have known of the deportation order if she had provided a valid address when the Order to Show Cause was issued. But this argument ignores the message conveyed by the government's repeated approval of her work-authorization applications. As explained, by approving Vasquez-Mazariegos for employment, the government sent her the erroneous message that she did not need to file a motion to reopen deportation proceedings, because there was no barrier to her receiving NACARA relief as a derivative of her husband's application.

The NACARA motion-to-reopen filing deadline must, therefore, be tolled until the date Vasquez-Mazariegos "definitively learn[ed]" of the existence of her deportation order. Once the government alerted Vasquez-Mazariegos that there was a problem with her derivative spouse application, she promptly retained an attorney and filed a Freedom of Information Act (FOIA) request for information about her case. She "definitively learn[ed]" of her outstanding deportation order when she "received a copy of [her] court file pursuant to [the] FOIA request."

4

*Albillo-De Leon*, 410 F.3d at 1100. *Albillo-De Leon* holds that she had 238 days to file her motion to reopen after "obtain[ing] [the] vital information bearing on the existence of [her] claim." *Id.* (citing NACARA § 203(c); 8 C.F.R. § 1003.43(e)(1)). Vasquez-Mazariegos filed the instant motion to reopen within 238 days of obtaining the vital information contained in her court file. Therefore, her motion to reopen for NACARA relief was timely. *Id.*

Finally, although it is possible to read the Immigration Judge's (IJ) decision as, in the alternative, denying the motion to reopen on discretionary grounds, it is also possible to read that portion of the decision as the IJ merely declining to exercise its discretion to reopen Vasquez-Mazariegos's case *sua sponte*. The latter reading is the most plausible, given that NACARA directs reopening upon a showing of prima facie eligibility for NACARA relief. *See Albillo-De Leon*, 410 F.3d at 1093; Motion to Reopen: Suspension of Deportation and Cancellation of Removal, 64 Fed. Reg. 13663, 13665 (March 22, 1999) ("[T]he dependent's case shall be reopened if the immigration judge finds that the dependent is prima facie eligible for suspension or cancellation relief and if the dependent submits proof that the principal alien has applied and is prima facie eligible for NACARA relief."). Moreover, the BIA did not explicitly adopt the IJ's alternative ground for denying Vasquez-Mazariegos's motion, and as the BIA stated "with sufficient

5

particularity its reasons for denying the petition, we review [the BIA's] decision and '[do] not rely on the IJ's opinion in deciding the merits of [Vasquez-Mazariegos's case].'" *Lahmidi v. INS*, 149 F.3d 1011, 1012–13 (9th Cir. 1998) (quoting *Castillo v. INS*, 951 F.2d 1117, 1120–21 (9th Cir. 1991)); *see also Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012).

Because it held her application for NACARA relief untimely, the BIA never addressed whether Vasquez-Mazariegos was prima facie eligible for NACARA relief as a derivative spouse, so that her NACARA motion to reopen would have been granted if timely filed. Our decision that equitable tolling applies thus requires that we remand the case for further proceedings.

The petition for review is GRANTED and the case is REMANDED for consideration of the merits of Vasquez-Mazariegos's motion to reopen.